**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-1492-JFW( SKx)** | Date: March 3, 2023 |
| Title: | LA Park La Brea A, LLC -v- Katrin Feldhaus, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES SUPERIOR COURT AND ORDERING PLAINTIFF LA PARK LA BREA A, LLC TO INFORM COURT IF IT WAIVES DEFENDANTS' VIOLATION OF THE FORUM DEFENDANT RULE**

     On August 8, 2022, Plaintiff La Park La Brea A, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Katrin Feldhaus, et al. in Los Angeles Superior Court. On February 28, 2023, Defendants Katrin Feldhaus and Jonathan Lisinski ("Defendants") filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     There is a major limitation on removal jurisdiction in diversity cases. Even if there is complete diversity, removal is not permitted "if any of the parties in interest properly joined and

serviced as defendants is a citizen of the State in which such an action is brought." 28 U .S.C. § 1441(b)(2).  Specifically, Section 1441(b)(2), which is also known as the "forum defendant rule,"[1] provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

In their Notice of Removal, Defendants allege that they are tenants of premises located in Los Angeles California, and on the Civil Cover Sheet, they have marked the box that indicates that they are citizens of California.  Accordingly, Defendants are hereby ordered to show cause, in writing, no later than **March 10, 2023**, why this Court should not remand this action because it was improperly removed pursuant to the forum defendant rule.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  In addition, Plaintiff is ordered to inform the Court, in writing, no later than **March 10, 2023**, if it waives Defendants' violation of the forum defendant rule.

If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Plaintiff's failure to respond to this Order to Show Cause will result in the waiver of Defendants' violation of the forum defendant rule.  Defendants' failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.

---

[1] In *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006), the Ninth Circuit determined that violations of the forum defendant rule are procedural, not jurisdictional, and, thus, can be waived if the plaintiff does not object to removal within 30 days of receiving notice.