**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-1492-JFW( SKx)** | Date: March 13, 2023 |
| Title: | La Park La Brea A, LLC -v- Katrin Feldhaus, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** SECOND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES SUPERIOR COURT AND ORDERING PLAINTIFF LA PARK LA BREA A, LLC TO INFORM COURT IF IT WAIVES DEFENDANTS' ADDITIONAL PROCEDURAL DEFECT

On August 8, 2022, Plaintiff La Park La Brea A, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Katrin Feldhaus, et al. in Los Angeles Superior Court. On February 28, 2023, Defendants Katrin Feldhaus and Jonathan Lisinski ("Defendants") filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On March 3, 2023, the Court issued an Order to Show Cause why this action should not be remanded to Los Angeles Superior Court for improper removal based on the forum defendant rule. On March 8 and 9, 2023, Defendants filed their Response to the Order to Show Cause, in which they state (without a supporting declaration) that they are not citizens of California, but rather are citizens of Germany. On March 10, 2023, Plaintiff filed its Response, indicating that they do not waive Defendants' violation of the forum defendant rule.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that

removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In their Response to the Order to Show Cause, Defendants allege that, although they currently reside in California, they are citizens of Germany. They appear to contend that they "temporarily reside" in California subject to their success in the pending unlawful detainer action. Defendants, however, do not address whether they are lawfully admitted for permanent residence in the United States and whether they intend to continue to reside in California if they are successful in the pending unlawful detainer action.  *See, e.g., Myers v. Air Serv Corp.*, 2008 WL 149136, at *1 (E.D. Va. Jan. 9, 2008) ("[W]here a plaintiff files suit in state court against a permanent resident alien domiciled there, the forum defendant rule prevents removal.").

In addition, even if Defendants are not lawful permanent residents domiciled in California, a suit must be removed within 30 days of a Defendants' receipt of the initial pleading setting forth a removable claim.  28 U.S.C. § 1446(b).  If the claim was not removable at the time of the initial pleading, a suit must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable.  *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 782 (9th Cir.1994); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989).  If the case is not removed during the thirty day period, the right to removal is waived and once waived, it is generally waived forever regardless of the changes to the case. *Dunn v. Gaiam*, 166 F.Supp. 2d 1273, 1278-79 (C.D. Cal.2001).  Based on the Court's calculations, it appears that the amount in controversy requirement was satisfied more than thirty days prior to Defendants' removal of this action.

Accordingly, Defendants are hereby ordered to show cause, in writing, no later than **March 17, 2023**, why this Court should not remand this action and shall file a declaration in support of their allegations of citizenship, domicile, and residency status.   No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  In addition, Plaintiff is ordered to inform the Court, in writing, no later than **March 17, 2023**, if it waives the additional procedural defect discussed above.

If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Plaintiff's failure to respond to this Order to Show Cause will result in the waiver of the additional procedural defect discussed above.  Defendants' failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.